Law Library

FILED
COURT

2012 MAY 25 AM 10: 40

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MOON G. YUN,<br><br>               Plaintiff,<br><br>      v.<br><br>GUAM MEMORIAL HOSPITAL<br>AUTHORITY, and GOVERNMENT OF<br>GUAM,<br><br>            Defendants. | CIVIL CASE NO. CV1263-04<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the HONORABLE ARTHUR R. BARCINAS on the 2nd day of September, 2011, on Defendant GMHA's Renewed Motion for Judgment on the Pleadings or in the Alternative Motion to Dismiss Amended Complaint for Unpaid Wages. Attorney Ricardo D. Bordallo represented the Plaintiff, and Assistant Attorney General Robert M. Weinberg was present for the Defendants. The Court now issues the following Decision and Order on the matter.

## PROCEDURAL HISTORY

On December 13, 2004, the Plaintiff filed a complaint alleging unnamed "claims" for damages. The Court issued a Decision and Order on April 11, 2011, noting that the Plaintiff's causes of action were not clear, and permitting the Plaintiff to amend the complaint to clearly set forth causes of action. On June 10, 2011, the Plaintiff filed an Amended Complaint for

Unpaid Wages. In this amended complaint the Plaintiff again makes many factual assertions. He alleges that he was employed by the Defendant, Guam Memorial Hospital Authority, as an anesthesiologist, and resigned from this employment on June 15, 2001. Plaintiff alleges that he was earning $95.00 per hour at the time of his resignation. He further alleges that when he resigned, he had accumulated 448 hours of annual leave, and citing to Exhibit C attached to the complaint, states that he had accumulated "two thousand one hundred fifty-three and 31/100 (2,153.31)" hours of compensatory time earned. Yun v. GMHA and Government of Guam, Civil Case No. CV1263-04, Pl.'s Am. Compl. For Unpaid Wages, p. 2, ¶ 8.

On these factual bases, the Plaintiff asks the Court to award "damages" in the amount of 448 hours multiplied by $95.00 per hour for annual leave; 2,153.31 hours multiplied by $95.00 per hour in compensatory time earned; interest as provided by law; costs and attorney's fees; and any further relief the Court may deem proper. Again, it is not entirely clear what causes of action are alleged. The amended complaint contains no "short and plain statement of the claim" as required under GRCP Rule 8(a)(2). Pursuant to 7 GCA § 1114, "[a] civil action is prosecuted by one party against another for the enforcement or protection of a right, or the redress or prevention of a wrong . . . ." 7 GCA § 1114 (2012) (emphases added). "A civil action arises out of either an obligation or an injury." 7 GCA § 1108 (2012). "An obligation is a legal duty by which one person is bound to do a certain thing and arises from contract or by operation of law." 7 GCA § 1109 (2012). "An injury is either an injury to the person or the property." 7 GCA § 1110(a) (2012). There is no concise, direct statement of either the obligation or injury which constitutes the basis for Plaintiff's alleged entitlement to damages.

Despite the Plaintiff's failure to explicitly label its cause(s) of action, from a comprehensive reading of the complaint, it appears that the amended complaint contains

sufficient facts from which the Court may find that a breach of contract claim for compensation due under an employment agreement, and in the alternative, a claim for the same unpaid wages in violation of the Guam Minimum Wage and Hour Act (hereinafter "GMWHA") have been alleged. *See* Taitano v. Calvo Finance Corp., 2008 Guam 12, ¶¶ 11–12. Thus, the Court will proceed under the supposition that the Plaintiff has set forth a breach of contract claim and alternatively, a claim for unpaid wages under the GMWHA.

Although it answered the Plaintiff's previous complaint, the Defendants have not filed an answer to the Plaintiff's Amended Complaint. Instead, on July 14, 2011, approximately 33 days after the filing of the Amended Complaint, Defendant GMHA filed a Renewed Motion for Judgment on the Pleadings or in the Alternative Motion to Dismiss Amended Complaint for Unpaid Wages alleging that the Plaintiff has still failed to state a cause of action, and that the Court was deprived of jurisdiction to hear the Plaintiff's claims due to the failure to follow the requirements of the Government Claims Act, and the applicable statute(s) of limitations. The Defendant moves for judgment/dismissal based on these arguments. The Plaintiff filed an opposition to this motion on August 19, 2011.

## DISCUSSION

A.    Timeliness and Propriety of Defendant GMHA's Motion

On April 11, 2011, the Court issued its Decision and Order granting leave to the Plaintiff to amend its complaint, and thereupon granting leave to the Defendant to renew any applicable defenses previously raised, stating: ". . . the Court will allow the Defendant the opportunity to renew any part of this motion which is applicable to the amended complaint, by filing a new motion tailored to the amended complaint, so that the Court may address the remaining issue of actual jurisdiction under Rules 12( c), (h)(3) and (b)(1)." Yun, CV1263-04, Decision and

Order, p. 18, lines 15–19 (filed April 11, 2011). Apparently, Defendant GMHA has taken this statement as an invitation to make an untimely filing.

At no time did the Court grant leave to Defendant GMHA to file its motion in an untimely fashion. The Court has previously admonished Defendant GMHA for its untimeliness in filing its motions to dismiss, and the procedural defects attendant with the motions.

Again, Defendant GMHA has improperly and untimely filed its motion under Rule 12, labeling it as a renewed "Motion for Judgment on the Pleadings." Rule 12(c) of the Guam Rules of Civil Procedure permits motions for "judgment on the pleadings" to be made after the pleadings are closed. However, the pleadings have not closed, as neither of the Defendants filed an answer to the amended complaint on or before the expiration of twenty days. As the Court has previously explained to Defendant GMHA:

> The significant differences between motions under Rule 12(c) and motions under Rule 12(b) are that: (1) motions under Rule 12(b) "shall be made before pleading," while motions under Rule 12(c) must be made "[a]fter the pleadings have closed"; and (2) the court's remedy is to grant judgment on the merits pursuant to a motion made under Rule 12(c), rather than a simple dismissal of the case, as under Rule 12(b), because the defendant has subjected himself/herself to the personal jurisdiction of the court by answering the complaint and closing the pleadings.

Yun, CV1263-04, Decision and Order p.3, lines 18–24 (filed December 21, 2009).

Defendant GMHA has not subjected itself to the personal jurisdiction of the Court by filing an answer. Thus, Rule 12(c) is inapplicable. Pursuant to Rule 12 of the Guam Rules of Civil Procedure, "a defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant," and a motion made asserting any of the seven defenses allowed to be made by motion under subsection (b) "shall be made before pleading," because the service of a Rule 12(b) motion alters the periods of time allowed to file an answer and other responsive pleadings. GRCP Rule 12(a) and (b)(2012). Through Rule 12(h), Rule

12(c) may be used to raise some of the defenses enumerated in Rule 12(b) after the pleadings have closed, despite the general requirement of Rule 12(b) that those defenses be raised before a responsive pleading is filed; however, this assumes that the Defendant has properly filed an answer which asserted those defenses such that the defenses are not waived. Because the Defendant did not timely file an answer, the Defendant was required to file a motion to dismiss pursuant to Rule 12(b), in lieu of an answer, "before pleading," i.e., before the expiration of twenty days after service of the amended complaint.

Defendant GMHA neither answered within twenty days, nor filed its motion asserting its defenses within twenty days of service of the amended complaint. Consequently, the Court is expending extra judicial resources in order to determine whether Defendant GMHA's motion is properly before the Court. GRCP Rule 6(b)(2) provides in relevant part:

> Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . .(2) upon motion made after the expiration of the specified time period permit the act to be done where the failure to act was the result of excusable neglect . . . .

GRCP Rule 6(b)(2)(2012).

Rule 6(b) grants a court wide discretion to allow additional time when a request is made prior to the expiration of the time period set by the court or prescribed by the Rules of Civil Procedure. GRCP Rule 6(b)(1). However, when the request is made after the expiration of the time period set by the court or prescribed by the Rules of Civil Procedure, Rule 6(b) requires that a party must show "excusable neglect" in failing to timely file the request. GRCP Rule 6(b)(2). Additionally, a court may exercise its discretion under Rule 6(b) only for "cause shown," thus requiring that a party requesting an enlargement of time after the expiration of the

time set must demonstrate both cause and excusable neglect in order to justify the issuance of an order granting leave. Id.

Defendant GMHA's motion was not filed before the expiration of the 20 days under Rule 12. Although the motion was filed after the expiration of twenty days, the Defendant has provided no explanation for the lateness of the motion. Moreover, Defendant has never requested leave for an extension to file its untimely motion under Rule 6(b), nor has Defendant GMHA cited any authority that would constitute "cause," that is, justification for the motion's lateness within the meaning of Rule 6. The Defendant further proffered no showing of "excusable neglect" when it filed the motion on July 14, 2011, without requesting leave of the Court. Therefore, the motion is untimely.

Defendant's Motion to Dismiss is untimely under Rule 12 and an extension was neither requested nor justified by Defendant GMHA under Rule 6(b) of the Guam Rules of Civil Procedure, resulting in a violation of both rules.

Under General Rule 2.1:

> The violation of or *failure to conform to . . . the Guam Rules of Civil Procedure* or the Local Rules of the Superior Court of Guam–Civil Rules *shall subject the offending party or counsel to such penalties, including* monetary sanctions and/or *the imposition of costs and attorney's fees to opposing counsel, as the Court may deem appropriate under the circumstances.*

Local Rules of the Superior Court of Guam, GR 2.1 (2012).

Previously, on October 28, 2009, the Court issued an order to show cause against Defendant GMHA, stating as its basis, " . . .the Defendants filed a Motion to Dismiss without a request for an extension of time and without an explanation of good cause and excusable neglect." Yun, CV1263-04, Order to Show Cause, p. 2, lines 12–14 (filed October 28, 2009). On December 21, 2009, after hearing arguments on the Order to Show Cause, the Court

determined it would not find Defendant GMHA in contempt of Court, in its discretion. However, the Court found a violation of the rules, and held that it would not accept the defective and untimely motion, instead instructing Defendant GMHA to request leave and file a new, conforming motion.

Defendant GMHA has repeated its previous error. Because this is Defendant GMHA's second violation of the Guam Rules of Civil Procedure concerning both the filing of a procedurally incorrect and untimely motion under GRCP Rule 12, and the failure to timely request an extension or leave of Court under GRCP Rule 6, the Court will issue sanctions under GR Rule 2.1 against Defendant GMHA in the amount of Plaintiff's reasonable attorney's fees and costs incurred in the filing of both the amended complaint and the opposition to the renewed motion for judgment on the pleadings.

B.    Subject-Matter Jurisdiction/Statute(s) of Limitations

Although Defendant GMHA failed to timely file an answer or its motion, or timely request an extension of time to file the motion, the Court may *sua sponte* review the issue of subject matter jurisdiction at any time. Rule 12(h)(3) allows the Court to examine a challenge to the court's subject matter jurisdiction at any time, using the standard of Rule 12(b)(1). GRCP Rule 12(h)(3), *see also* U.S. v. New Silver Palace Restaurant, Inc., 810 F. Supp. 440, 441 (E.D.N.Y.1992) (citing 5A Wright & Miller, Federal Practice and Procedure, §1367 at 515–16 (1990)); and Quitugua v. Flores, 2004 Guam 19 ¶ 31, n.12.

Defendant GMHA asserts that if the Plaintiff's claims rely upon the existence of some type of implied employment contract, the Plaintiff has failed to establish subject matter jurisdiction in the Superior Court of Guam because he has failed to file a government claim under the Government Claims Act. Further, this Defendant asserts that even if the Court

assumes that a direct action for unpaid wages is permitted under the GMWHA, and that the Plaintiff was not required to file a government claim under the Government Claims Act, this particular suit is barred by the applicable statute of limitations and the GMWHA itself, because the Plaintiff's request for compensation consists only of compensatory time earned in lieu of overtime pay, rather than wages earned for work performed.

In the interest of judicial economy, the court will analyze the Defendant's arguments under the standard for Rules 12(h)(3) and 12(b)(1), and address the merits of these claims regarding subject matter jurisdiction. Under both Rule 12(h)(3) and Rule 12(b)(1), for the purposes of determining the issue, all of the Plaintiff's well plead allegations of standing must be taken as true, and the Court will ignore any factual disputes in favor of the pleadings set forth by the Plaintiff. National Metropolitan Bank v. U.S., 323 U.S. 454, 457 (1945); Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007); *see also* Gibbs v. Buck, 307 U.S. 66, 72 (1939); Cramer v. Skinner, 931 F.2d 1020, 1025 (5th Cir. 1991), *accord* Scheuer v. Rhodes, 416 U.S.232, 236 (1974); and Smith v. Gross, 604 F.2d 639, 641, n.1 (9th Cir. 1979).

According to Plaintiff's Amended Complaint for Unpaid Wages, "Plaintiff Yun seeks the unpaid wages earned and due Plaintiff Yun in the form of compensatory time earned, as expressly reflected and founded upon the written instruments described herein, and as expressly authorized by 22 G.C.A. § 3221." Yun, CV1263-04, Am. Compl. For Unpaid Wages, p. 5, ¶ 27 (filed June 10, 2011). The first question regarding the Plaintiff's standing to maintain this suit concerns whether the Plaintiff was required to file a government claim for wages and compensation owed him upon his resignation from GMHA in order to maintain a breach of contract action on an employment contract (whether implied, express or other quasi-contract) against GMHA and the Government of Guam. The second question is whether he may

alternatively maintain a direct action against these Defendants under Guam's Labor Standards Act (adopted from the Federal Labor Standards Act) also known as the Guam Minimum Wage and Hour Act (GMWHA), for "unpaid wages" allegedly due for compensatory time earned.

1) Subject Matter Jurisdiction Over Breach of Contract Action

The Plaintiff has previously framed the question before the Court as, "whether an action for breach of contract by a non-classified employee of GMHA for unpaid wages is subject to the Government Claims Act, 5 G.C.A. §6102, et. al. ('Claims Act')." Yun, CV1263-04, Pl.'s Mem. of Points and Authorities in Opp. to Def.'s Mot. for J. on the Pleadings, p. 3, ¶1 (filed March 19, 2010). Defendant GMHA agrees that this is the primary question before the Court, and argues that under the case of Guam Police Dept. v. Superior Court of Guam, 2011 Guam 8, the Plaintiff is prohibited from maintaining a breach of contract action because he did not timely file a government claim.

In determining the subject matter jurisdiction of the Court over the breach of contract claim, the Court starts with the plain language of 4 GCA §4102(a), regarding the classification of public or governmental employees. It states in relevant portion: "[t]he unclassified service shall include the positions of: (13) physicians and health care administrators employed at the Guam Memorial Hospital Authority . . . ." 4 GCA §4102(a)(2012). It is undisputed in this case that the Plaintiff was a physician practicing anesthesiology at GMHA when he earned the disputed compensation. Therefore, by statute, he was an unclassified employee.

Two statutes generally prohibit the government from giving employment contracts to unclassified employees. The first statute provides in part:

> No contract of employment shall be entered into between the government of Guam and any employee or officer in the unclassified service within the government of Guam *unless such employment contract is specifically permitted by law or is for a physician or dentist.* Such employment shall be effected through

the standard form of personnel action. This Section shall not affect the ability of the government of Guam to contract for temporary services or for specific contracts not involving an employment relationship with the government of Guam, but shall apply to a contract which is essentially a contract for full-time personal services . . . .

4 GCA § 2103.16 (2012)(emphasis added).

The second provides:

No contract of employment shall be entered into between any employee, in the unclassified service within the government of Guam *unless such employment contract is specifically permitted by law*. Such employment shall be effected through the standard form of personnel action. This Section shall not affect the ability of the Government to contract for temporary services or for specific contracts not involving an employment relationship with the Government.

Title 4 GCA § 2107 (2012)(emphasis added).

Both statutes prohibit contractual hiring of unclassified employees unless "specifically permitted by law," and the first statute particularly singles out physicians and dentists as unclassified employees who are "specifically permitted" a contract. Further, employee contracts are not always required to be in writing. *See* 18 GCA § 86106. These statutes indicate that an employment contract may exist between the Government of Guam and a physician in its employ.

In this case, the Plaintiff cannot produce an express employment contract. However, he has produced the personnel action documents hiring him as an exempt employee, and he claims that these documents establish a contractual obligation between him and the Defendants. Although the question of whether an implied contract between the Government of Guam and an unclassified employee may exist on the basis of personnel actions has not yet been answered by the Supreme Court of Guam, that court has provided some guidance on the issue:

When the Government of Guam enters into employment contracts which are outside the merit system, such as those government positions that are hired under 4 GCA § 4102(a) (enumerating the positions in the Government of Guam which

are by law unclassified), these may well be contracts to which the Government Claims Act may apply. This is a question we save for another day and is not the case before us.

Limtiaco v. Guam Fire Dept., 2007 Guam 10 ¶ 41.

The Supreme Court reasoned:

Because unclassified jobs are not within the merit system as referenced in the Organic Act, these jobs may well be characterized as contracts, depending on the factual circumstances. Therefore, the holding made herein that the claims of classified employees do not fall under the Government Claims Act does not prevent us from concluding in a future case that an unclassified position is a contract to which the Government Claims Act may apply. The issue whether the Government Claims Act applies to contracts between the government and its non-classified contract employees, too, is not entertained in our ruling herein.

Id. at ¶ 41, n. 8.

Perhaps more persuasively, the District Court of Guam has held that a personnel action between an unclassified employee and the Government of Guam constitutes a contractual obligation: "[t]he record supports the court's determination that Blaz was an employee of the University. Blaz had been working there and receiving compensation for his services. In addition, Cruz and Blaz both signed the 'Notification of Personnel Action' form which sets out the essential terms of Blaz's employment. Defendants have given no reason why this form does not represent a contractual commitment." Blaz v. Cruz, Civ. Appeal No. 84-0014A, 1985 WL 56592 at *4 (D. Guam App. Div. April 29, 1985).

Based upon these precedents and the assertions of both the Plaintiff and the Defendant GMHA, the Court will assume that the well-plead allegations of the amended complaint are true, and that the Plaintiff's claim for unpaid wages is based upon a contractual employment obligation between the Plaintiff and Defendant GMHA. Under this set of circumstances, it is apparent that the Court does not have subject matter jurisdiction over the Plaintiff's contract claim.

In the case of <u>Guam Police Dept. v. Superior Court of Guam</u>, 2011 Guam 8, the Supreme Court of Guam found that a party seeking to file suit to collect unpaid fees for services provided under a contractual obligation with the Government of Guam was barred by the defense of sovereign immunity, and the Superior Court of Guam was deprived of subject matter jurisdiction to entertain the suit, because the party did not timely file its claim with the Attorney General's office under 5 GCA § 6106(a) of Guam's Government Claims Act.

The court explained that sovereign immunity is the default defense when claims against the government are raised, unless it has been explicitly waived by compliance with statutory prerequisites providing for such waiver:

> "Sovereign immunity can only be waived by duly enacted legislation [and] absent such legislation, the Government cannot be sued." <u>Newby v. Gov't of Guam</u>, 2010 Guam 4 ¶ 31. Sovereign immunity is explicitly waived by statute for certain governmental actions that are contractual in nature or that sound in tort. The Guam Legislature has specifically provided a limited waiver of the Government of Guam's sovereign immunity through the Government Claims Act ('Claims Act'). 5 GCA §§ 6101, *et seq.* Under this statute, the defense of sovereign immunity is waived where a plaintiff timely files a valid complaint in compliance with the statute of limitations requirements of the Claims Act. Where the plaintiff fails to timely file a complaint before the expiration of the statute of limitations, however, sovereign immunity is not statutorily waived.

<u>Guam Police Dept. v. Superior Court of Guam</u>, 2011 Guam 8 ¶¶ 7 and 8.

On this basis, the Supreme Court of Guam held that sovereign immunity is a threshold jurisdictional question, and if sovereign immunity is not waived, the Superior Court has no subject matter jurisdiction to entertain a claim against the Government of Guam:

> "Sovereign immunity implicates a court's subject matter jurisdiction." <u>Sumitomo Constr. Co., Ltd. v. Gov't of Guam</u>, 2001 Guam 23 ¶ 22 (citation omitted). Absent duly enacted legislation, Guam's sovereign immunity is not waived and the Government cannot be sued. 48 U.S.C.A. § 1421a (2011); Newby, 2010 Guam 4 ¶ 31. If a claim against the government does not meet the prerequisites for sovereign immunity to be waived, then a tribunal lacks jurisdiction to entertain the claim. See <u>Wood v. Guam Power Auth.</u>, 2000 Guam 18 at 3 ("[Plaintiff's] claim's [sic] falls [sic] outside of the purview of the Government Claims Act and

so is barred due to lack of jurisdiction."); Pac. Rock Corp. v. Dep't of Educ., 2001 Guam 21 ¶ 18. Guam waives sovereign immunity for "all expenses incurred in reliance upon a contract to which the Government of Guam is a party...." 5 GCA § 6105(a) (2005). Nonetheless, it still stands that the failure to timely submit a claim prevents the trial court from obtaining jurisdiction over the claim. Perez v. Guam Hous. & Urban Renewal Auth., 2000 Guam 33 ¶ 14 (" Perez ").

Id., at ¶¶ 29 and 30.

5 GCA § 6102 sets forth the applicability of the Government Claims Act:

This Chapter applies, except as provided in Section 6104 of the Chapter, to the entire government of Guam, as specifically stated herein. *No government agency, whether denominated as a line department, an agency or a public corporation, is excluded from the scope of this Chapter.* The fact that an agency or instrumentality has or has not the right to sue or to be sued in its own name does not exclude such agency or instrumentality from the scope of this Chapter. For purposes of this Chapter, reference to an "autonomous agency" shall include public corporations, autonomous and semi autonomous agencies, including the Antonio B. Won Pat International Airport, Guam; the Guam Telephone Authority (but only as to claims that do not arise from the activities of any private owner or operator of the Telephone Authority); the Guam Power Authority; the Guam Housing & Urban Renewal Authority; the Guam Housing Corporation; the Guam Economic Development and Commerce Authority; *the Guam Memorial Hospital Authority*; the University of Guam; the Jose D. Leon Guerrero Commercial Port; the Guam Community College; the Guam Waterworks Authority; the Government of Guam Retirement Fund; and the Guam Visitors Bureau.

5 GCA § 6102(2012)(emphases added).

Accordingly, the act is applicable to any suits against Defendant GMHA. 5 GCA § 6105 sets forth the types of cases in which the Government of Guam waives its immunity, specifically allowing for actions involving contractual obligations:

Pursuant to Section 3 of the Organic Act of Guam, the Government of Guam hereby waives immunity from suit, but only as hereinafter provided: (a) for all expenses incurred in reliance upon a contract to which the Government of Guam is a party, but if the contract has been substantially completed, expectation damages may be awarded; . . .

5 GCA § 6105(a) (2012).

Although this case involves an alleged contractual dispute, and the Government of Guam has waived immunity in such cases if the governmental claim prerequisites have been met, it is undisputed that the Plaintiff did not comply with the Government Claims Act. 5 GCA § 6106(a) of the Act provides: "[a]ll claims under this Act must be filed within 18 months from the date the claim arose . . ." 5 GCA § 6106(a) (2012).

The statute of limitations for the action in the Superior Court begins to run from the date that the government claim is filed or rejected: "(b) Every action filed under this Chapter shall be barred unless commenced within 18 months from the time the notice that the claim was rejected was served as provided in Article 2 of this Chapter, or within 24 months after the claim was filed in cases where the government does not reject the claim." 5 GCA § 6106(b) (2012).

Interpreting this statute and reaffirming the jurisdictional nature of the defense of sovereign immunity, the Supreme Court subsequently issued <u>Attorney General of Guam v. Gutierrez</u>, 2011 Guam 10, reminding parties that filing a government claim is the best way to pursue a claim, and the only way to pursue a claim against the Government of Guam in the Superior Court:

> . . . sovereign immunity bars suit against the government without the filing of a government claim. See Newby v. Gov't of Guam, 2010 Guam 4 ¶ 31.FN15 It may be in the best interest of the claimant to file a government claim to preserve their right to sue the government. This is especially so because 5 GCA § 6106 requires claims to be filed within 18 months from the date the claim arose. 5 GCA § 6106(a) (2005). If a claimant fails to file a government claim within 18 months, any suit based on the unfiled claim will be barred. 5 GCA § 6106(b).

<u>Attorney General of Guam v. Gutierrez</u>, 2011 Guam 10 ¶ 46.

The Court determines that the Plaintiff's time to file a government claim with the Attorney General's Office began to run either: 1) on the Plaintiff's resignation and cessation of services to GMHA on June 15, 2001; or 2) upon receipt of the letter from GMHA informing the

Plaintiff of the denial of payment for compensatory time earned on June 21, 2001, *see* Yun, CV1263-04. Am. Compl. For Unpaid Wages, Exhibit D (filed June 10, 2011). The Plaintiff would have been able to timely file a government claim until either December 15, 2002, or December 21, 2002. This difference of a week has no bearing on the Court's determination of jurisdiction, as the Plaintiff did not timely file a government claim on or before either date, under 5 GCA § 6106(a), and therefore, the Superior Court does not have jurisdiction to entertain this breach of contract claim on this basis.

There is one recognized exception to the requirement that a party properly file a government claim:

> . . . sovereign immunity may be abrogated in rare cases where justice demands relief in equity. This holds true in cases that involve a factual question of whether or not sovereign immunity has been statutorily waived based upon the commencement of a cause of action and the running of a statute of limitations. Equity requires that a party be estopped from "asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period." Atwater Elementary Sch. Dist. v. California Dep't of Gen. Serv., 158 P.3d 794, 797 (Cal.2007). The application of the theory of equitable estoppel "is wholly independent of the limitations period itself and takes its life ... from the equitable principle that no man [may] profit from his own wrongdoing in a court of justice." Id. (internal citations omitted).

Guam Police Dept. v. Superior Court of Guam, 2011 Guam 8 ¶ 15.

In order to successfully demonstrate that the theory of equitable estoppel should operate to prevent the Defendants from invoking sovereign immunity, the Plaintiff must provide proof of "inducement" by the Government of Guam or GMHA which enticed the Plaintiff to relinquish the filing of a governmental claim. Id., at ¶ 16. Although the Plaintiff has previously argued that he was involved in settlement negotiations with both Defendants, the Plaintiff has not provided the court with any allegation that the Defendants induced the Plaintiff into forbearing suit. In fact, the Plaintiff's amended complaint includes allegations and an exhibit

which tend to show that the Plaintiff, at all relevant times after his resignation, intended to litigate this matter; he had obtained an attorney to obtain the compensation sought in this complaint approximately one week after his resignation, and sent letters to both Defendants expressing his intent to litigate. Yun, CV1263-04. Am. Compl. For Unpaid Wages, pp. 2–3, ¶¶ 10–14, and Exhibit F (filed June 10, 2011).

As the Plaintiff has demonstrated no evidence of "inducement" to forego filing a government claim, the Plaintiff was subject to the requirements of the Government Claims Act.

> In summary, where properly invoked, sovereign immunity protects the Government of Guam and its line agencies by barring suit. See 48 U.S.C.A. § 1421a (2011). Sovereign immunity is, therefore, not merely an affirmative defense to liability; but is the sovereign's right not to be a defendant in court. Id. . . . . Only for expressly limited causes of action and upon fulfillment of prerequisites expressly defined in Guam's Government Claims Act, has the legislature waived the Government's sovereign immunity from suit. 5 GCA §§ 6101 et seq.

Guam Police Dept. v. Superior Court of Guam, 2011 Guam 8 ¶ 32.

Because the Plaintiff has failed to file a timely government claim and thus failed to comply with the Government Claims Act, the Superior Court of Guam does not have subject matter jurisdiction over the Plaintiff's breach of contract claim, and the claim is DISMISSED.

As a final note, the Court finds that even if it had found jurisdiction to hear this claim against Defendant GMHA, the Court would not find jurisdiction to hear this claim against Defendant Government of Guam. 5 GCA § 6302 is entitled, "Limitations on Contract Obligations," and states in full, "[e]ach autonomous and line agency shall be liable for its own contract obligations. Payments pursuant to this Section shall be paid from the funds certified for payment of the contract pursuant to the budget of the agency or appropriation against which the contract claim is made." 5 GCA § 6302 (2012).

Although comments to a statute are not law, they may be useful in the interpretation of a statute. The comment to 5 GCA § 6302 cites to a case regarding the Defendant GMHA, <u>Aetna Life Ins. Co. v. Guam Memorial Hospital Authority and Government of Guam</u>, 1 Guam R. 592 (1979), and states that in this case, "[a]t least one claimant has argued, unsuccessfully, that the government of Guam can be jointly liable with an autonomous agency under the former chapter." 5 GCA § 6302, COMMENT (2012). It is quite clear under this statute, that only the Defendant GMHA can be held liable for its failure to pay contractual obligations, and the Defendant Government of Guam cannot be jointly held responsible for the contractual claim raised by the Plaintiff in this case. Accordingly, the Superior Court of Guam has no jurisdiction over the Plaintiff's breach of contract claim against Defendant Government of Guam under 5 GCA § 6302, and this claim must be DISMISSED.

2) <u>Direct Action Against the Defendants Under GMWHA</u>

The Court next examines the GMWHA. The Court is not yet convinced that the Plaintiff may maintain a direct action against the Government of Guam or any of its instrumentalities under the GMWHA, in the absence of compliance with the Government Claims Act. However, the Court does not address the question of whether the GMWHA provides another express waiver of sovereign immunity in addition to that provided under 5 GCA § 6105, because taking all of the Plaintiff's allegations as true, the Court concludes that the Plaintiff may not pursue a claim for the damages he seeks under the GMWHA.

22 GCA § 3117 provides in relevant portions:

(2) Liability to employee. *Any employer who violates any provision of §§ 3105 or 3107 shall be liable to the employee or employees affected in the amount of their unpaid minimum wages or unpaid overtime compensation,* as the case may be, and in case of willful(sic) violation an additional equal amount as liquidated damages. (3) Collection suits, attorney's fees; assignments; relief from costs. *Action to recover such liability may be maintained in the Superior Court of Guam*

> *by any one or more employees* for an(sic) in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, in the event the plaintiff or plaintiffs prevail, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

22 GCA § 3117 (2) and (3)(2012) (emphasis added).

Under this statute, the GMWHA seems to constitute a legislatively provided exception to sovereign immunity, allowing direct actions against the GMHA as a governmental entity, but only for unpaid wages or overtime compensation. 22 GCA §§ 3117(2) and (3); *see also* 22 GCA § 3221. However, the Court will not decide this issue, as it finds that even if the Court assumes that the Plaintiff may bring a direct action against GMHA, either: 1) through a claim of breach of contract for unpaid wages, because the GMWHA defines wages as including "wages based on contract" (*see* 22 GCA § 3215(a)); or 2) in the absence of a contract for unpaid benefits consisting of compensatory time earned (see 22 GCA § 3217); it appears that this particular Plaintiff cannot collect under the GMWHA.

The Plaintiff's complaint clearly states that all of the damages sought in this case consist of payment for compensatory time earned in lieu of overtime pay during his employment, which he was unable to use. Section 3107(a) of Title 22, as amended by Public Law 11-83, sets forth the general rule prohibiting any employer from employing an employee in excess of forty hours per week, without providing overtime compensation at one and one half times the employee's regular wage, stating:

> No employer shall employ any employee in excess of forty (40) hours a week, unless such employee receives compensation for employment in excess of such weekly hours, at a rate not less than one and one half (1 1/2) times the regular rate at which he is employed, except that the provisions of this Subsection shall not apply to employees covered under Section 207(k) of the Fair Labor Standards Act, Chapter 8 of Title 29 of the United States Code.

22 GCA § 3107(a) (2012).

"Employee" as used in section 3107 is defined in 22 GCA § 3104(4) to include any person employed by an employer, excepting only those individuals employed in either agriculture or domestic employment in or around a private home. 22 GCA § 3104(4) (2012). The same section defines an "employer" to include entities and instrumentalities of the Government of Guam:

> Employer includes any individual partnership, association, corporation, business trust, legal representative, government entity or instrumentality, or any organized group of persons, acting directly or indirectly in the interest of an employer in relation to an employee, but shall not include the United States Government, except when engaged in non-appropriated fund activities.

22 GCA § 3104(3) (2012).

Physicians qualify as "employees" and the Defendant GMHA qualifies as an "employer" under section 3104. However, the Supreme Court of Guam has noted the exceptions to the rule governing overtime compensation and compensatory time earned in place of overtime:

> While section 3107(a) sets forth a general prohibition, forbidding an employer from requiring employees to work more than forty hours without paying overtime, section 3108 then specifically exempts eight classes of employees. See 22 GCA § 3108 (2005). In section 3108, the Legislature provides that the maximum hour requirements of the previous section *"shall not apply with respect to"* those employed by parent, spouse or child (section 3108(a)); administrators, executives and *professionals* (section 3108(b)); . . . .

Guerrero, *et. al.*, v. Thomas *et. al.*, 2010 Guam 11 ¶¶ 16–17 (emphases added).

Specifically, 22 GCA § 3108 states:

> The provisions of §§ 3105 and 3107 shall not apply with respect to: . . . .(b)(3) Any employee who is employed in a bona fide professional capacity, which is any employee who is compensated on a salary or fee basis at a rate of not less than Four Hundred Fifty-five Dollars ($455.00) per week and *whose primary duty is the performance of work requiring knowledge of an advanced type in a field of*

*science or learning customarily acquired by a prolonged course of specialized intellectual instruction* or requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor. It shall also include computer systems analysts, computer programmers, software engineers or other similarly skilled workers in the computer field.

22 GCA § 3108(b)(3)(2012)(emphasis added).

The Court takes judicial notice pursuant to GRE Rule 201(b) and (c) that under the public Directory of Occupational Titles (DOT), anesthesiologists serve in a professional capacity as defined by 22 GCA § 3108(b)(3). An anesthesiologist:

> Administers anesthetics to render patients insensible to pain during surgical, obstetrical, and other medical procedures: Examines patient to determine degree of surgical risk, and type of anesthetic and sedation to administer, and discusses findings with medical practitioner concerned with case. Positions patient on operating table and administers local, intravenous, spinal, caudal, or other anesthetic according to prescribed medical standards. Institutes remedial measures to counteract adverse reactions or complications. Records type and amount of anesthetic and sedation administered and condition of patient before, during, and after anesthesia. May instruct medical students and other personnel in characteristics and methods of administering various types of anesthetics, signs and symptoms of reactions and complications, and emergency measures to employ. GOE: 02.03.01 STRENGTH: L GED: R6 M5 L6 SVP: 8 DLU: 87.

http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT01B.HTM            070.101-010

ANESTHESIOLOGIST (medical ser.)(4th ed., Rev. 1991).

There is no question from the undisputed allegations of the amended complaint that the Plaintiff was employed in a professional capacity, and therefore exempt from the protections of 22 GCA § 3107. Nowhere does Plaintiff dispute this contention as presented by Defendant GMHA. Plaintiff was thusly prevented from earning overtime pay/compensation and filing a suit for any alleged violations of 22 GCA § 3107 on this basis, as would otherwise be permitted under 22 GCA § 3117.

Interestingly, the Supreme Court of Guam has held that "[a]n employee is not entitled to an award of unpaid wages for overtime where he or she volunteered to accept compensation in

the form of compensatory time off. Furthermore, to the extent an employee has already received compensatory time off at the requisite rate in lieu of wages, the employee's Minimum Wage and Hour claim must be offset by that amount." Guerrero, *et. al.,* v. Thomas *et. al.,* 2010 Guam 11 ¶ 37.

The Court finds that Plaintiff's characterization of his entitlement to compensation either in the form of overtime pay or compensatory time earned is of no import, as the operation of 22 GCA § 3108 prevents the Plaintiff from claiming any compensation therefor. Consequently, the Court lacks subject matter jurisdiction to hear Plaintiff's claims for compensation based on hours worked in excess of the limits set forth in 22 GCA § 3107, and any claims based thereon are DISMISSED.

## CONCLUSION

DISMISSAL for lack of subject matter jurisdiction is GRANTED as to all claims. Defendant GMHA is ORDERED to pay Plaintiff's reasonable attorney's fees and costs incurred in the filing of both the amended complaint and the opposition to the renewed motion for judgment on the pleadings as a sanction under GR Rule 2.1.

**IT IS SO ORDERED** this ___MAY 2 5 2012___ .

                                              _____
                                              HONORABLE ARTHUR R. BARCINAS
                                              Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

MAY 2 5 2012

Joleen C. Camacho
Deputy Clerk, Superior Court of Guam